UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R<small>ONNY</small> W<small>AYNE</small> S<small>COGGIN</small>,

    Petitioner,

v.

N<small>OAH</small> N<small>AGY</small>,

    Respondent.
_____/

Case No. 21-cv-12725

U.S. District Court Judge
Gershwin A. Drain

## **OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS (ECF No. 8) AND GRANTING PETITIONER'S REQUEST FOR EXTENSION OF TIME (ECF No. 11)**

### I. I<small>NTRODUCTION</small>

On November 15, 2021, Ronny Wayne Scoggin ("Petitioner"), who is currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He claims that his constitutional rights were violated by the admission at his trial of impermissible expert testimony, hearsay, and other acts testimony as well as by the ineffectiveness of trial counsel. *Id.*

1

The matter is before the Court on Petitioner's Motion to Stay Proceedings (ECF No. 8). Petitioner seeks to stay proceedings and hold his habeas petition in abeyance so that he may obtain additional state court records and return to the state courts to exhaust additional claims concerning the effectiveness of trial and appellate counsel as well as any additional issues raised in the records he obtains. *See* ECF No. 8. Petitioner also filed a Notice explaining that appellate counsel has sent him incomplete records and requesting additional time to file his reply in support of his petition for a writ of habeas corpus. ECF No 11.

For the following reasons, the Court **DENIES** Petitioner's Motion to Stay Proceedings (ECF No. 8) and **GRANTS** his Request for Extension of Time (ECF No. 11).

## II. FACTUAL & PROCEDURAL BACKGROUND

Petitioner's convictions arise from his sexual assault of his 7-year-old step-granddaughter in 2016. ECF No 1, PageID.34. Following a jury trial in the Berrien County Circuit Court, Petitioner was convicted of six counts of first-degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520b. *Id.* at PageID.44. He was initially sentenced to 25 to 60 years' imprisonment on each count, to run consecutively. ECF No. 7-20, PageID.1529.

2

After his conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising several claims, including those raised in his present petition. *See People v. Scoggin*, No. 350064, 2021 WL 219234 (Mich. Ct. App. Jan. 21, 2021) (unpublished, per curiam). The appellate court remanded the case to the trial court to amend the sentencing judgment to reflect that two of Petitioner's sentences were consecutively to each other, and the remaining sentences were concurrent to each other and those two sentences. *Id.* at *10. The appellate court denied relief on the other claims. *See generally Scoggin*, 2021 WL 219234. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Scoggin*, 508 Mich. 895, 962 N.W.2d 291 (Aug. 3, 2021).

Petitioner dated his federal habeas petition on November 12, 2021. ECF No. 1. Respondent filed an answer to the petition and the state court record on June 15, 2022. ECF Nos. 6, 7. Petitioner dated the instant motion to stay on July 16, 2022. ECF No. 8.

### III.   LAW & ANALYSIS

**A. Motion to Stay (ECF No. 8)**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845

3

(1999) ("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). Nevertheless, concerned with the effect of the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), the Supreme Court has held that a federal court has discretion to stay a mixed habeas petition containing

4

both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Specifically, the district court may hold the petition in abeyance to allow the petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Id*. However, stay and abeyance is available only in "limited circumstances" such as when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

Petitioner fails to show the need for a stay. His current habeas claims are exhausted, and he has not shown that the one-year statute of limitations applicable to federal habeas actions poses a concern. Petitioner did not seek review by the Supreme Court, so the one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on August 3, 2021, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later, on or about November 1, 2021. Petitioner dated his federal habeas petition on

5

November 12, 2021. Consequently, only 11 days of the one-year period had run when he instituted this action.

The time in which this case has been pending in federal court is not statutorily tolled. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). However, such time is equitably tolled. *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that over 11 months of the one-year period remains, Petitioner has ample time to exhaust additional issues in the state courts and return to federal court should he wish to do so. A stay is unwarranted.

**B. Request for Extension of Time (ECF No. 11)**

As stated *supra*, Petitioner has requested additional time to file a reply in support of his petition for a writ of habeas corpus. ECF No. 11, PageID.1800. Petitioner recently obtained various state court records from his appellate attorney and has determined that several missing documents are necessary for his reply. *Id*. He has filed a motion to produce the missing documents in state trial court, but is

6

concerned that waiting for the resolution of that motion will exhaust the time this Court has allotted for his reply. *Id*. The Court finds that Petitioner has shown good cause for his request and will grant him an additional extension.

### IV. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Petitioner's Motion to Stay Proceedings (ECF No. 8) is **DENIED**. Should Petitioner wish to have the Court dismiss the present habeas petition so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of this case within **30 DAYS** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**IT IS FURTHER ORDERED** that Petitioner's Request for Extension of Time (ECF No. 11) is **GRANTED**. Petitioner will have an additional **thirty (30) days** from the day he receives the documents in state court to file his reply in support of his petition for a writ of habeas corpus. He must include in his reply a statement indicating when he received the documents.

7

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: September 13, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 13, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager